IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DORA KING<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>SYDNEY JACOBS<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>MOMO JOHNSON<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>UNIQUE BUTLER<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>JADA MORALES<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>     Plaintiffs,<br><br>    v.<br><br>VOYAGER 888, LLC,<br>d/b/a ASSETS GENTLEMEN'S CLUB<br>1805 Connecticut Avenue, NW<br>Washington, DC 20009<br><br>SERVE:   Anchor Leasing, Inc.<br>       3399 Benning Road, NE<br>       Washington, DC 20019<br><br>And | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*    CASE NO.:<br>\*    CLASS/COLLECTIVE ACTION<br>\*    COMPLAINT |

JEFFREY SCHAEFFER                                    *
4602 Foxhall Crescent, NW                            *
Washington, DC 20007                                 *
                                                     *
And                                                  *
                                                     *
SAXTON-GABRIELLE MIILLER                             *
4602 Foxhall Crescent, NW                            *
Washington, DC 20007                                 *
                                                     *
                Defendants.                          *
************************************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Dora King ("Ms. King"), Sydney Jacobs (Ms. Jacobs"), Momo Johnson (Ms.

Johnson"), Unique Butler ("Ms. Butler"), and Jada Morales ("Ms. Morales") (collectively,

"Plaintiffs"), on behalf of themselves and all others similarly situated exotic dancers ("the exotic

dancer Class Members") hereby sets forth this collective/class action against Defendants Voyager

888, LLC, d/b/a the Assets Gentlemen's Club ("the Assets Club") and the Assets Club's individual

owners, Jeffrey Schaeffer ("Mr. Schaefer") and Saxton-Gabrielle Miller ("Ms. Miller")

("Defendants') and allege as follows:

## CLAIMS, PARTIES, JURISDICTION, AND VENUE

1.      This action is brought by Plaintiffs individually and on behalf of other similarly

situated individuals seeking unpaid wages, back-pay, restitution, liquidated damages, reasonable

attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards

Act ("FLSA"), the D.C. Wage Payment and Wage Collection Act ("DCWPA"), the D.C. Minimum

Wage Act Revision Act ("DCMWA") and for Defendants' failure to provide safe and sick leave,

in violation of the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code

§ 32-131.01 et seq..

2.      Plaintiffs are adult residents of the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

3.      Ms. King, Ms. Jacobs, Ms. Johnson, Ms. Butler, and Ms. Morales, by adding each of their name to the caption of this case and as stated in this Paragraph affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA, DCWPA, DCMWA, and the ASSLA.

4.      The Assets Club is a limited liability company, formed under the laws of the District of Columbia and operates as Assets, a strip club operating in the District of Columbia.

5.      At all times, Mr. Schaeffer and Ms. Miller, individually and through their officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of the Assets Club.

6.      At all times, Mr. Schaefer and Ms. Miller, individually and through agents and assigns, supervised and directed the employment of Plaintiffs and all other exotic dancers at the Assets Club.

7.      At all times, Mr. Schaefer and Ms. Miller, individually and through agents and assigns, had the power to hire, discipline, suspend, or terminate the employment of Plaintiffs and the other exotic dancers at the Assets Club.

8.      Each of the Defendants, individually and collectively, qualified as Plaintiffs' employers and the employers of all other exotic dancers at Defendants' Assets Gentlemen's Club, within the meaning of the FLSA, DCWPA, DCMWA, and the ASSLA.

9.      During the relevant period, Defendants had gross revenue and sales arising out the operations of the Assets Club exceeding $500,000.00.

10.     During the relevant time, in the operations of the Assets Club, Defendants sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

11.     This Court has personal jurisdiction over Defendants, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated DCWPA, DCMWA, and the ASSLA state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12.     At all relevant times, Defendants were in the business of operating the Assets Gentlemen's Club, a strip club within the jurisdiction limits of the District of Columbia, featuring female exotic dancers.

13.     At all relevant times, it was the job duty of Plaintiffs and the Class Members to perform as a female exotic dancer for the customers of Defendants' Assets Gentlemen's Club in the District of Columbia.

14.     During the period of about October 2019 through about March 2020, Plaintiffs were employed by Defendants as exotic dancers at Defendants' Assets Gentlemen's Club in Washington, DC.

15.     Additionally, During the period of about September 2020 through about December 2020 (about 15 weeks), after the conclusion of her dancer employment, Ms. King was employed as a waitress. During this time, Ms. King customarily worked about 24 hours per week for which Defendants paid Ms. King at the District of Columbia "tip credit" minimum wage rate of $5.00 per hour. But, because Defendants unlawfully deducted and/or assigned portions of Ms. King's tips and did not otherwise comply with the District of Columbia "tip credit" requirements,

Defendants owes Ms. King unpaid wages equal to the difference between the DC Minimum Wage ($15.00 per hour) and the "tip credit" wage rate ($5.00 per hour) for each hour worked, for unpaid wage balance of about $3,600.00.

16.     During the period of Plaintiffs' exotic dancer employment, the number of shifts Plaintiffs worked at Defendants' Assets Gentlemen's Club varied from week to week.

17.     Customarily, Plaintiffs worked as exotic dancers at Defendants' Assets Gentlemen's Club between four (4) to six (6) shifts per week.

18.     During the period of Plaintiffs' exotic dancer employment, the exact number of hours Plaintiffs worked at Defendants Assets Gentlemen's Club varied from week to week.

19.     The hours Plaintiffs worked as exotic dancers at Defendants' Assets Gentlemen's Club varied from about twenty-five (25) to forty (40) per week.

20.     At no time during Plaintiffs' period of employment as exotic dancers at Defendants' Assets Gentlemen's Club did Defendants ever pay Plaintiffs any wages for hours that Plaintiffs worked as exotic dancers at Defendants Assets Gentlemen's Club each week.

21.     Defendants totally failed to pay wages or any kind of compensation to Plaintiffs for exotic dancer work duties performed for Defendants' benefit at Defendants' Assets Gentlemen's Club.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTORS

22.     Defendants misclassified Plaintiffs and the exotic dancer Class Members as independent contractors when each should have been classified under the FLSA and District of Columbia law as employees.

23.     Defendants controlled all aspects of the exotic dancer job duties Plaintiffs and other exotic dancer Class Members performed inside the Assets Club through employment rules and

workplace policies.

24.     Defendants controlled and/or had the right to control the method by which Plaintiffs and other exotic dancer Class Members could earn money as exotic dancers at the Assets Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

25.     Defendants required Plaintiffs and other exotic dancer Class Members to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

26.     Defendants hired Plaintiffs and other exotic dancer Class Members and had the ability to discipline, fine, fire, and adjust each individual's exotic dancer work schedule.

27.     Defendants, through supervisors and managers, supervised the exotic dancer work duties of Plaintiffs and other exotic dancer Class Members to make sure each individual's exotic dancer job performance was of sufficient quality.

28.     Defendants conducted initial interviews and vetting procedures for Plaintiffs and each exotic dancer Class Member and, at Defendants' sole discretion, the Defendants and or Defendants' management, could deny Plaintiffs and/or the other exotic dancer Class Members' access or ability to dance and/or work at the Assets Club.

29.     Defendants had the right to suspend or send Plaintiffs and other exotic dancer Class Members home and away from the club if Plaintiffs or any other exotic dancer Class Member violated rules or policies or if Defendants and/or Defendants' management, at its discretion, did not want Plaintiffs or other exotic dancer Class Members to work at the Assets Club.

30.     At no time did Defendants require Plaintiffs or any of the other exotic dancer Class Members to have or possess any requisite certification, education, or specialized training as

a condition of employment with Defendants as an exotic dancer at the Assets Club.

31.     In addition to failing to pay Plaintiffs and other exotic dancer Class Members wages for hours worked, Defendants required Plaintiffs and other exotic dancer Class Members to pay Defendants and/or Defendants' management a house fee and other tip deductions/assignments and kickbacks of One Hundred Dollars ($100.00) or more for each shift Plaintiffs and other exotic dancer Class Members worked at the Assets Club.

32.     Upon information and belief, Defendants had actual or constructive knowledge that Plaintiffs and the other exotic dancer Class Members were misclassified as independent contractors.

33.     Upon information and belief, Defendants had actual or constructive knowledge that Defendants violated the FLSA and District of Columbia law by failing to pay Plaintiffs and the exotic dancer Class Members wages at or exceeding the Federal and District of Columbia minimum wage.

34.     Upon information and belief, Defendants had actual or constructive knowledge that Defendants violated the FLSA and District of Columbia by unlawfully withholding or assigning tips Plaintiffs and exotic dancer Class Members received from customers.

35.     Upon information and belief, Defendants had actual or constructive knowledge that Defendants violated the FLSA and District of Columbia law by unlawfully charging Plaintiffs and the exotic dancer Class Members kickbacks, fines, and surcharges during their employment period.

36.     Defendants have willfully violated the statutory rights of Plaintiffs and the exotic dancer Class Members under the FLSA and District of Columbia law, resulting in damages to Plaintiffs and exotic dancer Class Members in the form of unpaid wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by

applicable law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiffs bring their count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

38.     Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who have worked for Defendants as female exotic dancers at Defendants' Assets Gentlemen's Club at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were classified as independent contractors rather than as employees and who were not paid minimum wage compensation as a direct result.

39.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

40.     Plaintiffs request each be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

41.     Pursuant to 29 U.S.C. § 216(b), by acting as the named plaintiffs in this action, each Plaintiff affirmatively consents in writing to be a plaintiff and to recovery unpaid wages and damages sought in this action.

## DCMWA/DCWPA CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring their counts for violations of the DCMWA and DCWPA as a class action pursuant to Federal Rule 23, on behalf of themselves and all similarly situated exotic dancer Class Members, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPA.

43.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

44.    <u>The Proposed Class</u>:  All individuals worked or performed as female exotic dancers at Defendants' Assets Gentlemen's Club who were (i) who were classified as independent contractors; (ii) who were not paid was at the District of Columbia Minimum Wage as a result therefrom; and (iii) who were the victims of Defendants' unlawful deductions, including, but not limited to, shift fees, fines, kickbacks, and tip deductions/assignments, during the three (3) years preceding the filing of this action.

45.    <u>Numerosity</u>:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of exotic dancer Class Members is unknown to Plaintiffs at this time, upon information and belief, the class comprises at least fifty (50) individuals.

46.    <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting the exotic dancer Class Members of the proposed class individually, in that Plaintiffs and all other exotic dancer Class Members have been harmed by Defendants' misclassification of their Assets Gentlemen's Club exotic dancer employees as independent contractors.  The common questions of law and fact include, but are not limited to, the following:

    a.  Whether all exotic dancers are "employees" for purposes of the District of Columbia wage laws;

    b.  Whether Defendants failed to pay Plaintiffs and the exotic dancer Class Members wages as required by the District of Columbia Minimum Wage;

    c.  Whether Defendants compensated Plaintiffs and the exotic dancer Class Members for all hours worked;

d.  Whether Defendants unlawfully deducted or assigned Plaintiffs and the exotic dancer Class Members' wages by way of shift fees, fines, kickbacks, and tip assignments in violation of District of Columbia law.

47.    Typicality: The claims of Plaintiffs are typical of the claims of each proposed exotic dancer Class Member, and the relief sought is typical of the relief which would be sought by each exotic dancer Class Member in separate actions.

48.    All exotic dancer Class Members were subject to the same compensation practices of Defendants, as alleged herein.

49.    Defendants' compensation policies and practices affected Plaintiffs and all exotic dancer Class Members similarly.

50.    Plaintiffs and each exotic dancer Class Member sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

51.    Adequacy of Representation: Plaintiffs individually and collectively can fairly and adequately protect the interests of all exotic dancer Class Members of the proposed class, and there are no known conflicts of interest between any of the Plaintiffs and any of the exotic dancer Class Members.

52.    Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

53.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all exotic dancer Class Members is impracticable. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each exotic dancer Class Member may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual exotic dancer Class Member to redress the wrongs done to them.

54.     Further, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action.  Prosecution of separate actions by individual exotic dancer Class Members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual exotic dancer Class Members, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of exotic dancer Class Members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

55.     <u>Public Policy Considerations</u>: Defendants violated the District of Columbia wage payment laws.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provides exotic dancer Class Members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## ASSLA CLASS ACTION ALLEGATIONS

56.     Plaintiffs bring their counts for violations of the ASSLA as a class action pursuant to Federal Rule 23, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of the ASSLA.

57.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the exotic dancer Class Members.

58.     <u>The Proposed Class</u>:  All individuals who provided exotic dancing services Defendants at Defendants' Assets Gentlemen's Club who (i) were owed and entitled to paid sick and safe leave in the amount of one (1) compensated hour for every 37 hours worked, with a maximum paid sick leave of 7 days per calendar year as set forth under the ASSLA and (ii) who were not offered or paid sick and safe leave as required by the ASSLA.

59.     <u>Numerosity</u>:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of exotic dancer Class Members is unknown to Plaintiffs at this time, upon information and belief, the class comprises at least fifty (50) individuals.

60.     <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting exotic dancer Class Members individually, in that all Plaintiffs and the exotic dancer Class Members have been harmed by Defendants' misclassification of exotic dancer employees as independent contractors.  The common questions of law and fact include, but are not limited to, the following:

a.     Whether all exotic dancers are "employees" for purposes of the ASSLA; and

b.     Whether Defendants failed to offer or pay Plaintiffs and the exotic dancer Class Members paid sick and safe leave as required by the ASSLA;

61.    <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of each exotic dancer Class Member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

62.    All exotic dancer Class Members were subject to Defendants' class-wide failure to offer or pay sick and safe leave required by the ASSLA, as alleged herein.

63.    Defendants' sick and safe leave policies and practices affected all exotic dancer Class Members similarly.

64.    Plaintiffs and the exotic dancer Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

65.    <u>Adequacy of Representation</u>: Plaintiffs individually and collectively can fairly and adequately protect the interests of all exotic dancer Class Members, and there are no known conflicts of interest between any of the Plaintiffs and any of the other exotic dancer Class Members.

66.    Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

67.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all exotic dancer Class Members is impracticable.  Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the exotic dancer Class Members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual exotic dancer Class Members to redress the wrongs done to them.

68.    Further, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual exotic dancer Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual exotic dancer Class Members, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of the exotic dancer Class Members' rights and the disposition of their interests through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

69.    <u>Public Policy Considerations</u>: Defendants violated the District of Columbia sick and safe leave employment protection laws.  Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action lawsuits provide exotic dancer Class Members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

**COUNT I**
**Violation of the FLSA**
**29 U.S.C. §§ 203(m), 206**
**(Unlawful Tip Deductions and Failure to Pay Minimum Wage)**
**(On Behalf of Named, Opt-In, and Putative Plaintiffs)**

70.    Plaintiffs incorporate by reference all preceding paragraphs as if the same were

repeated here verbatim.

71.     Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

72.     The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

73.     In order to lawfully utilize the tip credit allowance, the FLSA, 29 U.S.C. § 203(m), requires in part that "all tips received by [each] employee [be] retained by the employee."

74.     The FLSA prohibits Defendants, its management, and its agents from taking or assigning tips or gratuities received by Plaintiffs and/ or other exotic dancer Class Members from customers.

75.     As set forth above, Defendants failed to pay Plaintiffs and other exotic dancer Class Members individuals "free and clear" minimum wage compensation as required by the FLSA.

76.     As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiffs and other exotic dancer Class Members received from customers.

77.     Without the benefits of the tip credit provision, Defendants must re-pay Plaintiffs and all other exotic dancer Class Members all unlawfully deducted and/or assigned tips and gratuities and pay Plaintiffs and each exotic dancer Class Member an hourly rate the "free and clear" statutory minimum wage of $7.25 per hour for all hours worked, without any credit for the tips received by Plaintiffs or other exotic dancer Class Members.

78.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA

within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

79.    Plaintiffs and the exotic dancer Class Members seek to recover from Defendants the following damages:  free and clear minimum wages due; the return of unlawfully deducted and/or assigned tips or gratuities; statutory liquidated damages; attorneys' fees and costs; and all other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the DCMWA
### (Invalid or Unauthorized Deductions from Tips and Failure to Pay Minimum Wage Compensation) (On Behalf of Named, Opt-In, and Putative Plaintiffs)

80.    Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

81.    At all relevant times, Defendants employed, and/or continue to employ Plaintiffs and the other exotic dancer Class Members within the meaning of the DCMWA.

82.    Defendants employed Plaintiffs and the exotic dancer Class Members within the District of Columbia.

83.    The DCMWA prohibits Defendants, Defendants' management, and Defendants' agents from taking or assigning tips or gratuities Plaintiffs and other exotic dancer Class Members received from customers.

84.    As set forth above, Defendants failed to pay Plaintiffs and the exotic dancer Class Members "free and clear" minimum wage compensation at hourly rates at least equal to the District of Columbia Minimum Wage.

85.    As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiffs and the exotic dancer Class Members received from customers.

86.    As a result of Defendants' unlawful policies and practices, Plaintiffs and the exotic dancer Class Members have been deprived of compensation due and owing.

87.    Defendants must re-pay Plaintiffs and the exotic dancer Class Members all unlawfully deducted and/or assigned tips and gratuities and pay Plaintiffs an hourly rate the "free and clear" District of Columbia Minimum Wage for all hours worked, without any credit for the tips received by Plaintiffs or the exotic dancer Class Members.

88.    Plaintiffs and the exotic dancer Class Members seek to recover from Defendants the following damages: free and clear minimum wages due; the return of unlawfully deducted and/or assigned tips or gratuities; statutory liquidated damages; attorneys' fees and costs; and all other legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of the DCWPA
### (Invalid or Unauthorized Deductions and Failure to Pay Wages)
### (On Behalf of Named, Opt-In, and Putative Plaintiffs)

89.    Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

90.    At all relevant times, Defendants employed, and/or continue to employ Plaintiffs and the exotic dancer Class Members within the meaning of the DCWPA.

91.    Defendants employed Plaintiffs and the exotic dancer Class Members within the District of Columbia.

92.    The DCWPA prohibits Defendants, Defendants' management, and Defendants' agents from taking or assigning tips or gratuities Plaintiffs and other exotic dancer Class Members received from customers.

93.    The DCWPA prohibits Defendants, Defendants' management, and Defendants' agents from charging or taking fees, fines, and shift-fee kickbacks from Plaintiffs and other

exotic dancer Class Members.

94.     As set forth above, Defendants failed to pay Plaintiffs and the exotic dancer Class Members "free and clear" minimum wage compensation at hourly rates at least equal to the District of Columbia Minimum Wage.

95.     As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiffs and the exotic dancer Class Members received from customers.

96.     As set forth above, Defendants charged Plaintiffs and other exotic dancer Class Members a mandatory per shift house fee kickback, plus charged and subjected Plaintiffs and the exotic dancer Class Members to other fees, fines, and surcharges during their employment with Defendants.

97.     As a result of Defendants' unlawful policies and practices, Plaintiffs and the exotic dancer Class Members have been deprived of compensation due and owing.

98.     Defendants must re-pay Plaintiffs and the exotic dancer Class Members all unlawfully deducted and/or assigned tips and gratuities and pay Plaintiffs and the exotic dancer Class Members an hourly rate the "free and clear" District of Columbia Minimum Wage for all hours worked, without any credit for the tips received by Plaintiffs and the exotic dancer Class Members.

99.     Defendants must re-pay Plaintiffs and the exotic dancer Class Members all unlawfully assigned or deducted fees, fines, shift-fee kickbacks, and other surcharges Defendants charged Plaintiffs and the exotic dancer Class Members during their employment with Defendants.

100.     As such, Plaintiffs and the exotic dancer Class Members seek to recover from Defendants the following damages: return of all unlawfully assigned or deducted fees, fines, shift-fee kickbacks, and other surcharges; free and clear minimum wages due; the return of

unlawfully deducted and/or assigned tips or gratuities; statutory liquidated damages; attorneys' fees and costs; and all other legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation of the ASSLA
### (Failure to Offer / Pay Sick & Safe Leave)
### (On Behalf of Named, Opt-In, and Putative Plaintiffs)

101.   Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

102.   Defendants were the "employers" of Plaintiffs and the exotic dancer Class Members within the meaning of the ASSLA.

103.   The ASSLA requires the following amounts of paid leave in the amount of 1 hour for every 37 hours worked with a maximum of 7 paid sick and safe leave days per calendar year.

104.   Defendants violated the ASSLA by not offering or otherwise providing Plaintiffs or the exotic dancer Class Members with the required paid sick and safe leave.

105.   For Defendants' violations of the ASSLA, Defendants owe Plaintiffs and each of the exotic dancer Class Members $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiffs or the exotic dancer Class Members took unpaid leave or reported to work on that day.

106.   For Defendants' violations of the ASSLA, Defendants are liable to Plaintiffs and the exotic dancer Class Members for back pay lost wages, compensatory damages, punitive damages, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs and the exotic dancer Class Members collectively pray that this Honorable Court:

1.      Issue an Order certifying this action as a collective action under the FLSA, and designate the Plaintiffs as representatives of all exotic dancer Class Members under the FLSA collective action;

2.      Issue an Order certifying this action as a class action under the DCMWA, DCWPA, and ASSLA, and designate the Plaintiffs as representatives on behalf the exotic dancer Class Members under the DCMWA, DCWPA, and ASSLA classes;

3.      Award Plaintiffs and the exotic dancer Class Members actual damages for all "free and clear" unpaid and misappropriated wages found due to Plaintiffs and the other exotic dancer Class Members, plus an award of liquidated damages as provided by the FLSA, DCMWA, and DCWPA;

4.      Award Plaintiffs and the exotic dancer Class Members unpaid sick and safe leave due and owing, plus statutory liquidated damages as provided by the ASSLA;

5.      Award Plaintiffs and the exotic dancer Class Members pre- and post-judgment interest at the statutory rate;

6.      Award Plaintiffs and the exotic dancer Class Members attorneys' fees, costs, and disbursements calculated at *Salazar* Index Rates; and

7.      Award Plaintiffs and the exotic dancer Class Members further legal equitable relief as this Court deems necessary, just and proper.

Dated:  April 9, 2021

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs / Class Members*